**Robert G. BLANAR et al., Appellants,**

**v.**

**James Louis BLANAR et ux., Appellees.**

**No. A2294.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 16, 1980.

Rehearing Denied May 7, 1980.

William E. Mallia, Davies, Mallia, Petty & Lang, Houston, for appellants.

John C. Martin, Martin, Hope, Larson & Crow, Conroe, for appellees.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Robert G. Blanar and Mary Frances Blanar Todd (appellants) filed a trespass to try title action for property in Walker County against James Louis Blanar and his wife (appellees). Appellees filed a counterclaim in which they claim the value of improvements added to the land. A trial to the court resulted in a judgment awarding title to appellants and granting appellees' claim for improvements. Appellants appeal only from the award of the improvements.

Johanna Blanar was the grandmother of all the parties to this action, with the exception of James Blanar's wife. The grandmother owned the subject property and died in 1926. She left a will devising the land to her then known grandchildren, which included the appellants, since James Blanar was not born at the time. She named her son, Robert Raymond Blanar, as her executor. Her son filed the will for probate and had letters testamentary issued. From 1927 on, he treated the property as his own and never informed his children of the true facts; nor did he ever close the probate proceedings of Johanna's estate. After he died on April 20, 1970, appellant Robert G. Blanar discovered Johanna's will which showed that the land was owned by appellants.

About seven months before the father died, James Blanar, thinking that his father owned the land, moved onto the land with his father's permission and built a house. After appellants discovered the will, they allowed appellees to stay on the land provided that James Blanar pay part of the taxes, not cut any more timber, and not make any more improvements. In 1976, appellants sent appellees a disclaimer of interest in the land. When James Blanar refused to sign it, appellants filed this trespass to try title suit.

Appellants assert that the trial court erred in awarding appellees compensation for the improvements because as a matter of law the appellees were not "good faith improvers." The defendant in a trespass to try title action may make a claim for improvements if he possessed the land in "good faith." This is authorized under the statute, Tex.Rev.Civ.Stat.Ann. arts. 7393, 7394 (Vernon 1960), and also under equitable principles. See Miller v. Gasaway, 514 S.W.2d 90 (Tex.Civ.App.—Texarkana 1974, no writ). However, "[f]or one to qualify as a good faith improver under the equitable rule of 'betterments' he must show not only that he believed that he was the true owner of the land but also that he

had reasonable grounds for that belief . . . ." *Miller v. Gasaway, supra* at 93. The *Miller* case also includes a requirement that the improver must have examined the records to be in good faith. Appellees have not satisfied any of these requirements. Appellee Blanar knew that he did not own the land, nor did he make any claim under title or color to the land. James Blanar merely moved onto the land and made improvements with permission of his father. Under such circumstances, appellees as a matter of law cannot be said to have been in good faith possession of the land. Appellants' points of error are sustained. The case is reversed and judgment is rendered that appellees recover nothing in the way of improvements.

Reversed and rendered.